**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALDEMAR SALAZAR-SANTOS, | Case No.  5:26-cv-03395-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| FERETI SEMAIA, *et al.*, | |
| Respondents. | |

Petitioner Waldemar Salazar-Santos ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Fereti Semaia, Warden, Adelanto ICE Processing Center; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Blanche, Attorney General of the United States; and Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Respondents"), on June 18, 2026.[1]  Dkt. No. 1 ("Pet.").  Petitioner claims that his current detention at

---

[1] Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 has passed. Therefore, the case is proceeding before the undersigned magistrate judge for all purposes including final disposition.  *See* Dkt. Nos. 3, 6.

Adelanto Processing Center in Adelanto, California violates his due process rights, his Fourth Amendment rights, and the Administrative Procedure Act.  Pet. at 12-17. Petitioner seeks relief in the form of immediate release and an order that Respondents not re-detain him unless he is provided with a hearing at which the government establish by clear and convincing evidence that he is a flight risk or danger to the community. *Id.* at 16.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Detention Facility in Adelanto, California.  *See* Pet. at 2. Publicly available ICE records confirm that the Petitioner is currently detained at the Adelanto ICE Processing Center within this District.

The Court incorporates the factual background set forth in the Petition. *Id*. at 2-3, 5, 11-12.

Respondents filed their Answer to the Petition on June 26, 2026.  Dkt. No. 7 ("Ans.").  The Answer recites Petitioner's criminal history, noting convictions in 2016, 2019, 2022, and 2026.  Ans. at 1-2.  Petitioner's most recent arrest in March 2026 in Ventura Count resulted in a conviction and custodial sentence.  *Id*. at 2.  On May 3, 2026, ICE-ERO Ventura encountered Petitioner at the Ventura County Jail and arrested him.  *Id*.  Respondents assert that they had authority to detain Petitioner. *Id*.  Respondents also state that Petitioner appears to be a member of the *Bautista* bond eligible class and entitled to a hearing before an immigration judge under 8 U.S.C. § 1226(a).  *Id*. at 3.

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

///

2

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections include noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690. The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner's procedural due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing

*Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner was released from Respondents' custody to the custody of his mother on parole in 2012. Pet. 11. The Petition states that Petitioner was taken into ICE custody in May 2026 following his release from Ventura County Jail, and subsequently denied a redetermination of his custody status on June 17, 2026, because the immigration judge concluded there was no jurisdiction for a bond hearing and citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* at 11-12. Petitioner has a liberty interest in his continued freedom. As has been detailed by this and numerous other courts, individuals released from ICE custody have a protected interest in remaining out of custody. *See Lopez v. Lyons*, No. CV 25-3174-DJC (CKD), 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."). Even if Respondents asserted that the government lawfully revoked Petitioner's release because of his recent arrest and conviction, Petitioner retains his protected liberty interest. *Singh v. Chestnut*, No. CV 26-546-DJC (AC), 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." (citations omitted)).

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews*, 424 U.S. at 335. This requires balancing the three factors the Supreme Court set forth in *Mathews*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming without deciding that *Mathews* applied and applying test in immigration

4

detention context); *Perez Bueno v. Janecka*, No. CV 25-3376-CAS (BFM), 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (applying *Mathews* test and ordering immediate release of noncitizen asylum applicant previously released on own recognizance by DHS who was detained without pre-detention notice or hearing). Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first factor, Petitioner has a substantial interest in remaining out of immigration custody. Petitioner gained a liberty interest in his continued freedom when he was initially released on his own recognizance. Prior to his recent detention, Petitioner had been out of immigration custody since 2012, and during that time, notwithstanding the numerous criminal convictions he acquired, established a life in the United States. Petitioner has a constitutionally protected liberty interest arising from his period of release. His re-detention denies him that freedom. *Carballo v. Andrews*, No. 25-978-KES (EPG), 2025 WL 2381464, at *7 (E.D. Cal. Aug. 15, 2025) (explaining that the "[p]etitioner has a constitutionally protected liberty interest arising from his years-long and successful period of release and integration into the community); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)). The Court thus finds that Petitioner has a significant interest in his continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

///

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest his detention.  Pet. ¶¶ 68, 102; *see Diep v. Wofford*, No. CV 24-1238-SKO (HC), 2025 WL 604744, at *5 (E.D. Cal. Feb. 25, 2025) (concluding that the risk of an erroneous deprivation of Petitioner's protected liberty interest "is high" where "[h]e has not received any bond or custody redetermination hearing" (citing *Jimenez v. Wolf*, No. CV 19-7996 (NC), 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020)).  Additionally, there is no evidence that Respondents employed any procedural safeguards before detaining petitioner and revoking his release.  Indeed, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the petitioner] has not received [and will not receive] any bond or custody redetermination hearing."  *A.E. v. Andrews*, No. 25-107-KES (SKO), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (citation omitted); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (noting post-deprivation relief could result in the petitioner's indefinite detention "without any process").  Given the absence of any procedural safeguards to determine if Petitioner's re-detention was justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high."  *A.E.*, 2025 WL 1424382, at *5.  The additional procedure of a bond hearing would mitigate the risk of erroneous deprivation of Petitioner's liberty as it would require the government to establish that Petitioner presents a flight risk or danger to the community.  The second *Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

With respect to the third factor, Respondents' interest in detaining Petitioner without notice, reasoning, and a hearing is low.  Respondents do not identify any fiscal or administrative burdens on the government that a hearing would entail.  District courts have observed that bond hearings impose minimal burden on the government.  *See Singh v. Barr*, 400 F. Supp. 3d 1005, 1021–22 (S.D. Cal. 2019);

*Hilario M.R. v. Warden*, No. CV 24-998-EPG (HC), 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025)).  The Court acknowledges that the government has an interest in protecting the public from individuals with a history of dangerous criminal conduct and in preventing flight.  *See Otilio B.F. v. Andrews,* 809 F. Supp. 3d 1038, 1055 (E.D. Cal. 2025) (quoting *Rodriguez Diaz*, 53 F.4th at 1208).  "[T]hose interests are adequately protected by having a neutral decisionmaker evaluate whether a noncitizen presents those risks."  *Id.*  Moreover, providing a bond hearing would not undercut the government's interest in effecting removal.  Rather, the bond hearing will illuminate whether Petitioner represents a flight risk or danger to the community. The third *Mathews* factor weighs in Petitioner's favor.

In light of the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than he received.  *See Mathews*, 424 U.S. at 335.[2]  The Court finds that the specific harm Petitioner suffered is remedied by ordering Respondents to provide Petitioner a bond hearing.  *See S.E. v. Noem*, No. CV 26-356-DAD (SCR), 2026 WL 206085, at *4 n. 3 (E.D. Cal. Jan. 27, 2026) ("Based on the court's *Mathews* analysis, the court has determined that a post-deprivation bond hearing is the appropriate remedy at this stage of these proceedings.").  On balance, the Court concludes that the *Mathews* factors weigh in favor of finding that Petitioner is entitled to a custody hearing before a neutral arbiter in which the government shall bear the burden of establishing that Petitioner poses a danger to the community or risk of flight.  *See Carballo*, 2025 WL 2381464, at *8 (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof); *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of

---

[2] The Court declines to address Petitioner's remaining claims because the Petition can be resolved on procedural due process grounds.

flexibility in fashioning specific habeas relief."). Further, the Court orders Respondents to immediately release Petitioner if a bond hearing is not provided within seven days of this Order. *See E.C. v. Noem*, No. CV 25-1789-RFB (BNW), 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025) ("Given Petitioner's liberty interest is at stake, the Court finds that if a bond hearing is not provided promptly, within seven days of this Order, Petitioner's continued detention would violate his due process rights." (collecting cases)); *Diep*, 2025 WL 604744, at *5 (similar).

Accordingly, IT IS ORDERED that:

(1) The Petition is GRANTED in part as to Petitioner's claim of a violation of procedural due process;

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

(3) Respondents are directed to file a status report within 10 days of the entry of this Order substantiating compliance with the Court's Order.

DATED: July 6, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

8